Kenneth CORNELIUS, Plaintiff,

v.

HONDO INC., d/b/a Coca–Cola Bottling Corp., Defendant.

No. 93 C 3257.

United States District Court,
N.D. Illinois, E.D.

Jan. 27, 1994.

Bridget P. Ross, Rubenstein & Rubenstein, Chicago, IL, for plaintiff.

Marian Conroy Haney, Mayer, Brown & Platt, Chicago, IL, for defendant.

MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Kenneth Cornelius brings this single count complaint alleging that defendant Hondo Inc. fired him on the basis of his race, in violation of Section 703 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–2 *et seq.*, and the Civil Rights Act of 1991. Presently before the court are Hondo's motion for summary judgment and motions to strike. For the reasons set forth below, Hondo's motions are granted.

## I. Background

Plaintiff Kenneth Cornelius, a black male, was employed by defendant Hondo Inc., d/b/a/ Coca–Cola Bottling Company of Chicago, from July 18, 1986 until his termination on January 9, 1991. During Cornelius' tenure at Hondo, the company maintained an Attendance Control Program ("the Program"). Under the Program, an employee receives points, or fractions thereof, for tardiness or unexcused absences; accumulation of thirteen or more points in a twelve month period may result in termination. As of January 7, 1991, Cornelius had accumulated twelve and one half points under Program guidelines. On January 8, 1991, Cornelius slipped and fell while on his way to work, aggravating an existing back condition and injuring his ankle. He did not report to work, and failed to phone in his absence, thereby accumulating two more points under the Program.

The following morning, Cornelius phoned the warehouse manager, Mark Scott, to notify the company of his injuries, and to request that his vacation time be applied retroactively to cover his absence on January 8. Scott, who administered the Program, denied the request and instead terminated Cornelius for accumulating thirteen or more points under the Program guidelines. Cornelius asserts that white employees had been allowed to apply retroactive leave or vacation time to avoid application of the Program, and thus concludes that the actual reason for his termination was his race.

## II. Summary Judgment Standard

Under the Federal Rules of Civil Procedure, summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). This standard places the initial burden on the moving party to identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (quoting Rule 56(c)). Once the moving party has done this, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(c). In deciding a motion for summary judgment, the court must read all facts in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 254, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986); *Griffin v. Thomas,* 929 F.2d 1210, 1212 (7th Cir.1991).

## III. Discussion

Cornelius claims that he was discharged from Hondo because of his race, in violation of Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991. In *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), the Supreme Court set forth the appropriate analytical framework for private, non-class Title VII cases. Under *McDonnell Douglas,* the plaintiff must first establish a prima facie case of racial discrimination. Although *McDonnell Douglas* was a discriminatory hiring case, the prima facie case stated therein has been extrapolated to discriminatory discharge situations. In *Hong v. Children's Memorial Hosp.,* 993 F.2d 1257 (7th Cir. 1993), the Seventh Circuit articulated the plaintiff's prima facie case as follows: "the plaintiff is required to show that (1) she is a member of a protected class, (2) she was doing her work well enough to meet her employer's legitimate expectations, (3) despite her performance, she was discharged, and (4) her employer sought a replacement

for her." *Id.* at 1261 (citation omitted).[1] The burden then shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's [discharge]." *McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. at 1824.[2] Even if the defendant is successful in this endeavor, the inquiry continues. The plaintiff is entitled to rebut the defendant's proffered explanation by proving that that "legitimate" reason for discharge was merely a pretext for discrimination. *Id.,* 411 U.S. at 804, 93 S.Ct. at 1825. At this stage, the plaintiff must persuade the court that the defendant's explanation is "unworthy of credence" or that "a discriminatory reason more likely motivated" the defendant. *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981).

Hondo asserts that Cornelius can not make out a prima facie case because he did not meet Hondo's legitimate expectations regarding his attendance, and because he was not treated differently than members of the unprotected class. It is undisputed that Cornelius exceeded the permissible number of points under the Program. However, Cornelius claims that non-black employees in the same situation were allowed to apply retroactive leave or vacation time to excuse their excess absences, and that he has therefore made out a prima facie case under Title VII. In support, he offers two affidavits, which Hondo has moved to strike. Because the admissibility of the affidavits is obviously crucial to Cornelius' case, we shall first consider these motions to strike.

■ Hondo first challenges Cornelius' own affidavit. In it, Cornelius relates a telephone call he claims to have had with John Rotundo, a white Hondo employee, in which Rotundo supposedly stated that he believed that there was favoritism toward whites in the application of the Program at Hondo. However, it is readily apparent that the affidavit is replete with hearsay, since Rotundo's statements are offered to prove the truth of the matters asserted therein. Thus, under Fed.R.Evid. 801(c) and 802, the affidavit is inadmissible.

■ In response to Hondo's motion, Cornelius throws out a barrage of evidentiary rules which he claims will save his affidavit. He first counters that Rotundo's statements are non-hearsay under Fed.R.Evid. 801(d)(2)(D). This provision excludes from the definition of hearsay admissions by the agent or servant of a party opponent concerning matters within the scope of that agency or employment. Although Rotundo is an employee of Hondo, it is clear that he was in no way involved with the hiring or firing at Hondo, or with enforcement of the Program; rather, he is a forklift driver. We therefore find this situation indistinguishable from that presented in *Cebula v. General Elec. Co.,* 614 F.Supp. 260 (N.D.Ill.1985), where we concluded:

> The "party opponent" here is GE. The statements [recounted in the plaintiff's affidavit] were made by lower-level GE employees. No evidence suggests that any of these co-workers was involved in the decision to fire Cebula or was speaking as an "agent or servant [of GE] concerning a matter with the scope of his agency or employment. . . ." Fed.R.Evid. 801(d)(2)(D). Thus, these statements cannot be attributed to GE as an admission and cannot escape the hearsay rule.

---

**1.** Citing *Ramsey v. American Air Filter Co.,* 772 F.2d 1303 (7th Cir.1985), Cornelius articulates the appropriate prima facie case as follows: the plaintiff must demonstrate that "he or she is a member of the protected class, that he or she is otherwise similarly situated to members of the unprotected class, and he or she was treated differently than members of the unprotected class." *Id.* at 1307. Regardless of the language used, the focus of a Title VII prima facie case is the same: establishment of a prima facie case "eliminates the most common nondiscriminatory reasons for the plaintiff's rejection ... [and] 'raises an inference of discrimination only because we presume these acts, if otherwise unexplained, are more likely than not based on the consideration of impermissible factors.' " *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 254, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981). Because the thrust of each articulation of the prima facie case is identical, the actual language relied upon in the present case is irrelevant.

**2.** We note that this burden is one of production only; the burden of persuasion remains with the plaintiff. *See Coates v. Johnson & Johnson,* 756 F.2d 524, 531 (7th Cir.1985).

*Id.* at 266 (citation omitted). Accordingly we reject Cornelius' claim that the statements at issue are admissions by a party opponent.

■ Likewise unconvincing are Cornelius' arguments that the statements fall within certain exceptions to the hearsay rule. He claims, with no further explanation, that Rotundo's statements are "present sense impressions." However, by definition this exception applies to statements "describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter." Fed. R.Evid. 803(1). It is difficult to imagine how Rotundo's statements, made from his home during a telephone conversation with Cornelius, can possibly constitute contemporaneous impressions of application of the attendance policies at Hondo. Because Cornelius has provided no analysis, and because the applicability of this exception is not even remotely apparent to us, we reject Cornelius' argument.

■ Cornelius also tries to fit the statements included in his affidavit under the catch-all exception, Fed.R.Evid. 803(24). Once again, however, Cornelius has failed to articulate how the factors listed in that exception justify its application in the present situation. This failing is likely because Rule 803(24) does not support the admissibility of the affidavit. The statements have absolutely no guarantee of trustworthiness and they are not particularly probative, given Rotundo's low-level employment status. Furthermore, Rotundo himself has signed an affidavit denying that he ever made the statements in question. Given these facts, we are unwilling and unable to create an argument that merits their introduction based upon Fed.R.Evid. 803(24).

■ Finally, Cornelius argues that the affidavit is valid and the statements admissible pursuant to Fed.R.Evid. 901(b)(5) and 901(b)(6). Article IX of the Federal Rules of Evidence relates to authentication and identification, and the above sections are directed specifically to voice identification. However, authentication or identification of a writing or speaker does not resolve any existing hearsay problems. *See* Fed.R.Evid. 901(b) advisory committee's note ("It should be observed that compliance with requirements of authentication of identification by no means assures admission of an item into evidence, as other bars, hearsay for example, may remain."). As a result, Cornelius' claim that Rotundo's statements are admissible hearsay under these Article IX "exceptions" is simply incorrect. Because there exists no basis for admitting Rotundo's statements, and because they constitute the sole focus of Cornelius' affidavit, we grant Hondo's motion to strike the affidavit.[3]

■ Hondo also seeks to strike the affidavit of Patrick Colford, a former Hondo employee. In his affidavit, Colford states that he "personally received favoritism regarding the application of the Point system when [his] daughter was ill, in that [he] received time off from work and was not assessed the points which would have resulted in [his] termination from [Hondo]." On its face, this statement provides no support for Cornelius, since Colford does not claim that he was allowed to apply leave *retroactively,* the only practice at issue here. However, Colford also claims that he has generally witnessed favoritism toward white employees in the application of the Program. Accordingly, this affidavit, if admissible, would provide some support for Cornelius' claim.

■ It is apparent, however, that the affidavit is not admissible. In response to the motion to strike, Cornelius' attorney, Ms. Bridget Ross, admits that she received the signed affidavit from Colford on December 10 or 11, 1993. However, the date on the notary public's jurat is December 13, 1993, two or three days *after* Ross received the signed affidavit.[4] Thus, it is clear that the affidavit was not signed in the presence of a notary public; rather, the notarization was added after the fact. Affidavits are only admissible "if they are made under penalties

---

3. Given our resolution of this motion, we deny Cornelius' request for sanctions pursuant to Fed. R.Civ.P. 11.

4. The notary public who putatively notarized the affidavit is, in fact, listed on Ross' letterhead, and is therefore presumably employed by her firm.

of perjury; ... unsworn documents purporting to be affidavits may be rejected." *Pfeil v. Rogers,* 757 F.2d 850, 859 (7th Cir.1985), *cert. denied,* 475 U.S. 1107, 106 S.Ct. 1513, 89 L.Ed.2d 912 (1986). This does not mean that affidavits must be perfectly notarized to be admissible. 28 U.S.C. § 1746 states, in relevant part:

> Whenever, under any ... rule, ... any matter is required or permitted to be supported, evidenced, established, or proved by the sworn ... affidavit, in writing of the person making the same ..., such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, ... in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
>
> . . . .
>
> (2) If executed within the United States, ...: 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
>
> (Signature).' "

However, Colford's affidavit does not even meet these comparatively lenient requirements. He did not date it when he signed it, and the crucial language "under penalty of perjury" is nowhere to be found. Because the affidavit is wholly unsworn, we simply lack the authority to consider its contents. Accordingly, we grant Hondo's motion to strike Colford's affidavit.

Cornelius' only remaining support for his assertion of discrimination is that a white employee, Alexander Ellis, received twenty-two days off in 1990, although he was only entitled to two weeks of vacation. Of course, this fact alone is irrelevant for our purposes,

since it is only retroactive application of leave time which is at issue. However, Cornelius also claims that Ellis received retroactive leave during this period. Unfortunately, he has provided no factual support for this assertion. On the contrary, he cites a statement of James R. Sollenberger, a Hondo Human Resource Manager, who confirmed that Ellis received additional leave in 1990, but added that the leave and vacation Ellis received did *not* cover the days that he had already missed. As a result, Sollenberger's statement provides absolutely no support for Cornelius' claim. Indeed, Cornelius can point to no factual substantiation of his assertions regarding Ellis.[5] Accordingly, Cornelius' claims with respect to Ellis will play no part in our consideration of Hondo's motion for summary judgment.

Because we have eliminated all of the putative support for Cornelius' claim that he met Hondo's legitimate attendance expectations, or alternatively that he was treated differently than non-black employees, we find that he is unable to establish a prima facie case of discrimination under Title VII.[6] Accordingly, Hondo is entitled to summary judgment.

## IV. Conclusion

For the reasons set forth above, defendant Hondo Inc.'s motions to strike the affidavits of Kenneth Cornelius and Patrick Colford and motion for summary judgment are granted.[7] It is so ordered.

---

**5.** It is axiomatic that at the summary judgment stage, a the party opposing summary judgment may not simply rely upon his pleadings and unsupported allegations. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

**6.** We note that Cornelius relies upon the same factors considered above in asserting that Hondo's "legitimate business reason" for discharging him, i.e., his excessive absences, is mere pretext for discrimination. As a result, even if he somehow got past the prima facie requirements, he

would be unable to clear the necessary hurdle of providing some minimal support for his "pretext" claim. Therefore, regardless of whether the above discussion is appropriately directed at the establishment of a prima facie case, as Hondo suggests, or at the demonstration of pretext, as Cornelius suggests, Cornelius can not prevail in this action.

**7.** Given our disposition of Hondo's motion for summary judgment, we need not resolve Hondo's motion to strike jury demand and motion to preclude trial testimony of Patrick Colford.